UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


| | |
|---|---|
| IRON WORKERS MID-AMERICA PENSION PLAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| PAULA NEVERS and RICHARD OSTERTAG JR., ) | |
| ) | |
| Defendants. ) | |
| -------------------------------------------------------------------------- ) | 05  C 3470 |
| PAULA NEVERS, ) | |
| ) | |
| Cross-Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RICHARD OSTERTAG, JR. and DEBORAH ) | |
| HESEK-OSTERTAG, individually and as mother and next ) | |
| friend of RICHARD R. OSTERTAG, JR., a minor, ) | |
| ) | |
| Cross-Defendants. ) | |


## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendant Paula Nevers

to dismiss the amended cross-complaint of Defendants Richard Ostertag, Jr. ("Richard

Jr."), and Deborah Hesek-Ostertag ("Deborah"). For the reasons set forth below, the

motion is denied.

# BACKGROUND

This is an impleader action, filed by Plaintiffs Iron Workers' Mid-America Pension Plan ("the plan"), Iron Workers' Mid-America Supplemental Monthly Annuity Fund ("the fund"), and Joseph Burke, to determine the proper recipient of a pension benefit arising after the death of Richard Ostertag, Sr. ("Richard Sr.").

According to the allegations of the cross-complaint, which we must accept as true for purposes of this motion, and documents attached to the main complaint, Richard Sr. was a participant in both the plan and the fund. The documents pertaining to the plan and the fund specify to whom benefits from each are to be paid; one option is to allow a participant to specify a beneficiary using a particular form.

Richard Sr. was formerly married to Deborah; Richard Jr. is their 15-year-old son. Deborah and Richard Sr. divorced in 1997. As part of the dissolution of marriage, Richard Sr. agreed to maintain life insurance with Richard Jr. named as an irrevocable beneficiary of the policy until he reached a specified age. In February 1999, Richard Sr. executed a beneficiary designation form for his benefits under the plan and the fund naming Richard Jr. as his beneficiary.

On March 24, 2005, Richard Sr. executed a new form naming Nevers, his then live-in girlfriend, as beneficiary of his death benefits under the plan and the fund. He died intestate four days later. Both Nevers and Deborah (on behalf of Richard Jr.)

made demands for Richard Sr.'s death benefits under the fund and the plan, leading to the interpleader action. Deborah based her claims not on a contention that the March 24 form did not exist, but that it had no legal effect to remove Richard Jr. as a beneficiary. Nevers and Deborah then each filed cross-claims against each other pursuant to Fed. R. Civ. Proc. 13(g), asserting that the respective party is the proper recipient of the funds at issue. Nevers now moves to dismiss Deborah's cross-claim pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that it does not state a claim for relief. Alternatively, Nevers attacks an allegation within Deborah's complaint that Richard Sr. was incompetent when he executed the change of beneficiary form. According to Nevers, Deborah has neither evidentiary support for this allegation nor a likelihood that she would discover evidentiary support for it. As a corollary to the latter point, she asks that the paragraph pertaining to Richard Sr.'s alleged incompetence be stricken from the complaint.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski

v. First Natl. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. Kyle v. Morton High Sch., 144 F.3d 448, 454-55 (7th Cir. 1998). The plaintiff need not allege all of facts involved in the claim and can plead conclusions. Higgs v. Carter, 286 F.3d 437, 439 (7th Cir. 2002); Kyle, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim." Id. Further, the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the basis" of the claim. Perkins, 939 F.2d at 466-67. With these principles in mind, we turn to the motion at hand.

## DISCUSSION

Employee welfare benefit plans and employee pension benefit plans are governed by the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1001 et seq. The statute defines the latter as a "plan, fund, or program which . . . (i) provides retirement income to employees, or (ii) results in a deferral of income by

employees for periods extending to the termination of covered employment or beyond." 29 U.S.C. § 1002(2)(A).  In contrast, the former term encompasses plans, funds, or programs that provide benefits to employees or their beneficiaries, *inter alia*, "in the event of sickness, accident, disability, death or unemployment" through means including the purchase of insurance, excluding pensions on retirement or death and insurance to provide the same.  29 U.S.C. § 1002(1).  The complaint for interpleader, which Richard Jr. incorporates by reference into his cross-claim, alleges that the plans at issue in this case were employee pension benefit plans, rather than employee welfare benefit plans.

The cross-claim advances several theories as to why Richard Jr. is entitled to recover Richard Sr.'s benefits.  The first contends that Richard Sr. had a fiduciary relationship to Richard Jr. directly and through his mother indirectly to provide financial support for Richard Jr.  According to Richard Jr., the money at issue should be placed in a constructive trust for his benefit to fulfill Richard Sr.'s fiduciary responsibility.  This theory suffers from a fundamental flaw; it relies upon principles of state law to determine the identity of a beneficiary and attempts to mandate distribution to a person other than that designated under the terms of the plan.  Because of the preemptive reach of ERISA, Illinois fiduciary law cannot be used for that purpose.  See Metropolitan Life Ins. Co. v. Johnson, 297 F.3d 558, 566 (7th Cir. 2002).

The second theory of relief relies upon the judgment of dissolution of Deborah and Richard Sr.'s marriage, which stated that Richard Sr. would "maintain any current life insurance on his life and designate [Richard Jr.] as a primary irrevocable beneficiary thereof" until Richard Jr. reached a specified age. Two years after the divorce became final, Richard Sr. designated Richard Jr. as the beneficiary of his benefits under the plan and the fund. Richard Jr. contends that the terms of the divorce decree must override any actions that Richard Sr. took to undo this designation. Although Illinois family law is also state law, which Johnson establishes cannot generally be used to trump ERISA's provisions, an exception is made in the case of a "qualified domestic relations order" ("QDRO") as defined in 29 U.S.C. § 1056(d)(3)(B)(i). Conceivably, the divorce decree could qualify as a QDRO, and because the issue comes to us on a motion to dismiss, we must resolve the question in Richard Jr.'s favor at this stage of the litigation. We therefore presume, for purposes of this motion only, that the decree is a QDRO and could in theory override a contrary designation made pursuant to ERISA.

Nevers, however, does not challenge this theory on grounds that the divorce decree must yield to ERISA's preemptive effect. Instead, she attacks it by pointing out that, by its terms, the divorce decree applies to life insurance benefits rather than pension benefits. Life insurance, the benefits of which cannot vest during the insured's

lifetime, fits squarely within the definition of "employee welfare benefit plan" given above.  29 U.S.C. § 1002(1); <u>see also</u> <u>Metropolitan Life Ins. Co. v. Wheaton</u>, 42 F.3d 1080, 1081 (7th Cir. 1994) (characterizing life insurance program as a welfare rather than a pension plan).  By contrast, the benefits at issue here are provided pursuant to a pension plan.  The controlling documentation states that Richard Sr. would have been entitled to receive benefits under the plan and the fund personally if he had lived to retirement age, which he could not be if the benefits were in the nature of life insurance.  Moreover, Richard Jr. implicitly concedes that the benefits were pursuant to a pension plan with his incorporation of the allegations of the complaint for impleader into his own complaint.  Thus, we agree with Nevers that the terms of the divorce decree do not apply to pension benefits and therefore cannot affect the decision of the proper beneficiary of the plan and the fund.

The third theory attacks the legal viability of Richard Sr.'s final beneficiary designation, contending that it was the product of duress, undue influence, or intoxication from medication.  If Richard Jr. were successful in proving these allegations, the March 2005 designation of Nevers as the beneficiary would be null and void, making Richard Jr. the last legitimately designated beneficiary.  <u>See</u> <u>Sladek v. Bell Sys. Mgmt. Pension Plan</u>, 880 F.2d 972, 978, 979 (7th Cir. 1989).  Though Nevers attacks the sufficiency of the allegations made as well as disputing whether they are

true, the complaint sets forth enough for us to be able to envision a plausible set of circumstances under which Richard Jr. could be entitled to relief. Naturally, we do not consider whether relief will eventually be forthcoming, but the allegations as stated are sufficient to withstand a motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, Nevers' motions to dismiss and to strike are denied.


Charles P. Kocoras
Chief Judge
United States District Court

Dated:    November 10, 2005